Chen v. Holder

BIA
Vomacka, IJ
A087 588 353

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of February, two thousand fifteen.

PRESENT:
>     JOSÉ A. CABRANES,
>     DEBRA ANN LIVINGSTON,
>     SUSAN L. CARNEY,
>         *Circuit Judges.*

_____

JIAN MIN CHEN,
>     *Petitioner,*

>     v.                                          13-2017
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:        Keith S. Barnett, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Francis W. Fraser, Senior
                       Litigation Counsel; Timothy B.
                       Stanton, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Min Chen, a native and citizen of China, seeks review of an April 23, 2013 order of the BIA, affirming the April 22, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Min Chen*, No. A087 588 353 (B.I.A. Apr. 23, 2013), *aff'g* No. A087 588 353 (Immig. Ct. New York City Apr. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Chen does not challenge the agency's denial of withholding of removal or CAT relief and has therefore waived review of those determinations. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

Contrary to Chen's assertions, the agency did not err in finding that he failed to establish past persecution. The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled, in part, on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (B.I.A. 1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 340-41 (2d Cir. 2006). A past persecution finding may be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Id.* Here, the agency reasonably determined that Chen's inability to attend middle school and the repeated harassment he endured did not rise to the level of persecution. Chen was not physically harmed, threatened with violence, prevented from attending his underground church, or precluded from earning a living. While he argues

3

that the harassment he endured would prevent a person from practicing their religion in the desired manner, persecution cannot be established on this basis. *See generally Ivanishvili*, 433 F.3d at 341.

The agency also did not err in finding that Chen failed to demonstrate a well-founded fear of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (observing that, absent "solid support in the record," a fear of persecution is "speculative at best" (citation omitted)). Chen does not contest the agency's findings that his fear of persecution was undermined by the fact that his mother has continued attending the family's underground church in China without harm, that the country conditions evidence reflected a fair amount of underground church activity in his home province of Fujian, and that he did not assert that he would suffer any worse treatment than he had received in the past. He has therefore failed to demonstrate any error in the agency's well-founded fear determination. *See Jian Xing Huang*, 421 F.3d at 129; *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding applicant's claimed fear of persecution diminished where similarly-situated family members remain in applicant's native country unharmed).

4

Last, we decline to consider Chen's challenge to the IJ's adverse credibility determination, because the BIA did not rely on that determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citations omitted)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of the Court